CENTRAL PASTO VIEJO, INC., Plaintiff and Appellee, *v.* ANTONIO ROIG, EULOGIA GUZMÁN DE ROIG, ANTONIO AGRIPINO ROIG, ANGELINA OPPENHEIMER DE ROIG, MIGUEL A. BUSTELO and MARÍA RODRÍGUEZ DE BUSTELO, JOSÉ TORO RÍOS and LUCÍA GUZMÁN DE TORO, Defendants and Appellants.

No. 4023. Argued November 16, 1926.—Decided March 15, 1927.

372

*González Fagundo & González, Jr.* for the appellants. *Henry G. Molina* and *Leopoldo Feliú* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The complaint in this action was filed on December 30, 1922, and its eighth count reads as follows:

"On information and belief, that the purchase price was $195 per acre, to be paid partly in cash and the balance in instalments. That of the price so agreed on in such sale the defendants Bustelo and Rodríguez were or are entitled to receive from the purchaser, the defendant herein, the sum of $11,018.09, which, together with the additional sum of $981.91 to cover the expenses of the contract and any other legitimate payment made by reason of the sale, make a total of $12,000 which accompanies this complaint and is deposited in the office of the clerk of the District Court of Humacao at the disposal of the purchaser, to whose place the plaintiff herein is subrogated with the same conditions which were stipulated in the contract."

And the prayer thereof is as follows:

"For the above reasons the plaintiff prays the court to sustain the complaint and to declare that the complainant corporation is entitled to the legal redemption in this case and likewise to order the defendants to execute in favor of the plaintiff the proper deed of conveyance of the joint interest in the property described in the complaint; and in case of failure to do so to order the marshal of the district court of Humacao to execute the deed in question, with costs, disbursements and attorneys' fees."

The case came to trial and the district court rendered judgment on August 13, 1923, as follows:

"The defendants are adjudged to execute in favor of the plaintiff, within five days after the judgment becomes final, the proper deed of conveyance of the undivided interest acquired by Miguel A. Bus-

telo and María Rodríguez de Bustelo by private agreement on the 23rd of December, 1922, and the amount of $12,000 deposited with the clerk of this court in consideration of the purchase price, the necessary expenses and any other legitimate payment made by reason of such sale shall be placed at the disposal of the defendants, and in case they fail to execute such deed that it be executed by the marshal."

The defendants appealed and this Suprme Court affirmed the judgment appealed from on June 27, 1924, *Central Pasto Viejo* v. *Roig*, 33 P.R.R. 436.

The defendants appealed again and the Circuit Court of Appeals affirmed the judgment of this Supreme Court on June 12, 1925, and therefore the judgment of the District Court of Humacao became final. *Roig* v. *Central Pasto Viejo*, 6 F. (2nd) 106.

During the preparation of the appeal to this court the parties stipulated, with the approval of the district court, that the deposit of $12,000 be returned to the plaintiff. Nothing was definitely stated as to what would be done in case of affirmance of the judgment, but the stipulation contained the following:

"It is understood that this stipulation and the delivery agreed upon shall not in any way affect the issues raised by defendant before the Supreme Court as a consequence of the judgment rendered herein, nor the rights of the plaintiff."

The return of the deposit could not have any other purpose than to prevent that the money should remain unproductive while the appeal was being prepared.

It was so understood by the district court, and when the defendants prayed the court on November 20, 1925, to order plaintiff to deposit again the sum that had been deposited with the complaint, enclosing the order from the Circuit Court of Appeals, it granted the request.

The plaintiff moved to reconsider, but the court refused on the ground that to do so "would be equivalent to modifying and setting aside the pronouncements of a judgment which at present is final and subject to execution."

Then the plaintiff filed, without depositing the $12,000, another motion that the court order the defendants to execute in its favor "a deed of sale of the condominium equivalent to 9/28ths of the property Rosario described in the judgment of this court for the purchase price of $11,017.89 which shall be paid in cash to the defendants on the execution of the deed, plus the expenses thereof."

The court granted the motion by a resolution whose dispositive part reads as follows:

"1. Ordering Central Pasto Viejo, Inc., to deposit in the court the sum of $12,000 which it had deposited when filing the complaint as the purchase price to be paid to the purchasers the defendants herein.

"2. That an expert surveyor be appointed by each of the parties who shall jointly proceed to survey the aforesaid condominium and make a report to the court, and in case of disagreement a third surveyor shall be appointed by this court, the expenses thereof to be borne by both litigants in equal shares.

"As soon as the area of the condominium in question is made known the execution of the judgment shall be proceeded with."

The defendants appealed therefrom to this court.

In our judgment the appellants are right. It was unnecessary to decide anew that plaintiff should deposit again the sum of $12,000. It had been already decided and ratified by the district court.

The appellee in its brief not only attacks the appeal, but prays that within this appeal, in contravention of the dispositive part of a resolution not appealed from by the appellee and in the present status of the proceeding, this court should hold that the deposit was unnecessary and should reverse the doctrine established in the case of *González* v. *Acha*, 21 P.R.R. 124. The mere statement of the request and of the concurring circumstances is sufficient to show that it is manifestly improper.

The plaintiff must deposit anew the sum of $12,000 and thus restore things to their condition prior to the judgment.

If it fails to do so it can not complain because the judgment is not executed.

As to the measures adopted by the district judge and which were not even prayed for by the plaintiff, it is our opinion that they were at least premature.

The judgment is clear and definite in its terms. When the sum of $12,000 is deposited the proper thing to do is for the plaintiff to demand the execution thereof. If within five days the defendants fail to execute a deed of conveyance to the plaintiff of the shares and condominiums which they acquired from Bustelo and his wife by private deed of December 23, 1922, the marshal shall proceed to do so. If there should come up then any difficulty, it will be time to intervene. Up to the present nothing shows definitely that the judgment can not be executed, carrying out its pronouncements in the manner they have been worded.

The order appealed from must be set aside and the case remanded for further proceedings not inconsistent with this opinion.